UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23216-CIV-UNGARO/O'SULLIVAN

RELATED ISG REALTY, LLC

    Plaintiff,
v.

RELATED INTERNATIONAL REALTY,
LLC, et al,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Counter-Defendant, Olga Mena's, Amended Motion for Attorney's Fees (DE # 93, 1/13/21).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the issues, the court file, and applicable law, the undersigned respectfully recommends the Counter-Defendant, Olga Mena's, Amended Motion for Attorney's Fees (DE # 93, 1/13/21) be **DENIED** in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff filed a Complaint against the defendants in this matter on August 2, 2019. (DE # 1, 8/2/19).  On April 22, 2020, the plaintiffs filed a stipulation informing the Court that the counter-plaintiffs, Pedro Gonzalez and Related International Realty, LLC, and counter-defendant Olga Mena, stipulated "to dismissal of all  remaining counterclaims in this action without prejudice in their entirety."  (DE # 71, 4/22/20).  Also on April 22, 2020, the Court entered an Order pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), indicating that the counter-plaintiffs' claims against the Counter-Defendant Olga Mena were DISMISSED WITHOUT PREJUDICE, and that each party was to bear its own attorneys' fees and costs related to this action.  (DE #

75, 4/22/20).  On August 17, 2020, Olga Mena filed a motion requesting the above-referenced Order be amended to exclude any language regarding attorney's fees and costs. (DE # 77, 8/17/20).  On September 4, 2020, an Order was entered amending the original dismissal Order (DE #75, 4/22/20) to exclude any references to attorney's fees and costs.  (DE # 78, 9/4/20).

On October 5, 2020, Olga Mena filed a Motion for Attorney's Fees.  (DE # 79, 10/5/20).  On October 19, 2020,  Pedro Gonzalez and Related International Realty, LLC, filed a response. (DE # 81, 10/19/20).  The plaintiff filed a reply on October 26, 2020.  (DE # 83, 10/26/20). However, on October 20, 2020, counsel for Pedro Gonzalez and Related International Realty, LLC, filed an unopposed motion to withdraw (DE # 82, 10/20/20), which was granted conditionally on November 3, 2020.  (DE #87, 11/3/20).  The Order indicated:

> that the Motion (D.E. 82) is CONDITIONALLY GRANTED as follows. Counter-Plaintiff Related International Realty, LLC SHALL file a notice of appearance through new counsel no later than November 20, 2020.Counter-Plaintiff Related International Realty, LLC is cautioned that it MUST be represented by counsel and that if no new counsel enters an appearance by November 20, 2020, the Court will order entry of a default against it with respect to the main claim and an order of dismissal against it with respect to the counterclaims. Counter-Plaintiff Pedro Gonzalez SHALL file a notice informing the Court as to whether he has retained counsel or whether he will proceed pro se on or before November 20, 2020.If Counter-Plaintiff Pedro Gonzalez fails to comply with this order by November 20, 2020, the court will order entry of a default against him with respect to the main claim(s) and an order of dismissal with respect to his counter-claim.

(DE # 87, 11/3/20) at p. 2.  Also on November 3, 2020, the undersigned issued an Order (DE # 88, 11/3/20)  denying Olga Mena's motion for attorney's fees filed October 5, 2020, without prejudice to renew.

Pedro Gonzalez and Related International Realty, LLC both failed to comply with the Court's Order dated November 3, 2020, regarding the motion to withdraw, and on December 11, 2020, the Court issued an Order directing the Clerk of Court to enter default as to Pedro

2

Gonzalez and Related International Realty, LLC.  (DE #90, 12/11/20).   Also on December 11, 2020, the Clerk entered default against Pedro Gonzalez and Related International Realty, LLC. (DE # 91, 12/11/20).

On January 13, 2021, Olga Mena filed an amended motion for attorney's fees. (DE # 93, 1/13/21).  On January 14, 2021, the undersigned issued an Order instructing Pedro Gonzalez and Related International Realty, LLC to respond to the amended motion for attorney's fees by January 28, 2020.  (DE # 94, 1/14/21). As of the date of this Report and Recommendation, Pedro Gonzalez and Related International Realty, LLC have both failed to file a response to Olga Mena's amended attorney's fees motion.

## DISCUSSION

Olga Mena seeks fees for the work done by the Trembly Law Firm pursuant to 18 U.S.C. § 1836(b)(3)(D), Fla. Stat. §688.005, and Fla. Stat. §772.11.

Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  **Failure to do so may be deemed sufficient cause for granting the motion by default**.  (Emphasis supplied).

As of the date of this Report and Recommendation, no response has been filed by either Pedro Gonzalez and Related International Realty, LLC to Olga Mena's amended motion for attorney's fees.  Pedro Gonzalez and Related International Realty, LLC were warned in an Order issued by the undersigned dated January 14, 2021, (DE # 94) that the failure to file responses to Olga Mena's, Amended Motion for Attorney's Fees (DE # 93, 1/13/21) by Related International Realty, LLC and Pedro Gonzalez on or before January 28, 2021, may result in a recommendation that Olga Mena's, Amended Motion be granted in its entirety. The plaintiff

requests fees in the amount of $8,954.00.[1]

**Entitlement to Attorney's Fees**

The counter-plaintiffs' counterclaim against Mena asserted three (3) causes of action which allow for the statutory recovery of attorneys' fees and costs : (1) Count I –Misappropriation of Trade Secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(1); (2) Count II -Misappropriation of Trade Secrets under Fla. Stat. § 688.001 et seq., Florida's Uniform Trade Secrets Act; and (3) Count VIII –Civil Theft pursuant to Fla. Stat. § 772.11.

18 U.S.C. § 1836 (b)(3)(D) provides that:

> if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, [the Court may] award reasonable attorney's fees to the prevailing party.

Similarly, Fla. Stat.§ 688.005 of Florida's Uniform Trade Secrets Act provides that "[i]f a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." In addition, Florida's Civil Theft Statute, Fla. Stat. §772.11(1), provides that "[t]he defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support."

---

[1] In her motion, Olga Mena indicated that the Trembly Law Firm counsel communicated with MENA's prior counsel in this action, Carlos Ferreyros, Esq. for details regarding his attorney's fees and that Trembly Law Firm would supplement the attorney's fees motion upon receipt of same. As of the date of this Report and Recommendation no such supplement has been filed with the Court.

Generally, when a plaintiff voluntarily dismisses an action, the defendant is deemed the prevailing party for purposes of attorney's fees. *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990); *Alhambra Homeowners Assoc. v. Asad*, 943 So. 2d 316, 319–21 (Fla. 4th DCA 2006) (analyzing *Thornber* and its progeny in support of the general rule that a voluntary dismissal by plaintiff conveys prevailing party status on defendants); *Shave v. Stanford Fin. Group*, 2008 WL 3200705, * 1 (S.D. Fla. 2008) (relying on Florida's general rule to award attorney's fees to defendants after plaintiff's voluntary dismissal).; *see also Mathews v. Crosby*, 480 F. 3d 1265, 1276 (11th Cir. 2007) ("[t]he Defendants, having obtained from Mathews a voluntary dismissal with prejudice, are considered prevailing parties.").

Mena is the prevailing party as to the counterclaim and the claims therein brought pursuant to (1) Count I -Misappropriation of Trade Secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(1); (2) Count II -Misappropriation of Trade Secrets under Fla. Stat. § 688.001 et seq., Florida's Uniform Trade Secrets Act; and (3) Count VIII -Civil Theft pursuant to Fla. Stat. § 772.11.  Mena, however, has failed to establish bad faith or that the claims were without substantial fact or legal support, and is, therefore, not entitled to recover attorney's fees.

Mena's motion for fees fails to provide any authority or evidence demonstrating that the counter-plaintiffs' claims against Mena were brought in bad faith or without factual or legal support.  Entitlement to fees under any of the statutes cited by Mena requires Mena to demonstrate that the counter-plaintiff's' claim was "made in bad faith" or "without substantial legal or factual support."  Accordingly, Mena's claim for attorney's fees fails under all three (3) statutes cited by Mena in support of her motion for attorney's fees, and Mena is not entitled to recover attorney's fees.

**RECOMMENDATION**

In accordance with the foregoing, it is

**RESPECTFULLY RECOMMENDED** that the Counter-Defendant, Olga Mena's, Amended Motion for Attorney's Fees (DE # 93, 1/13/21) be **DENIED** in accordance with the foregoing Report and Recommendation.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this 25th day of February 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE